UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED GONZALES AND KELLY GONZALES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMCAST CORPORATION, and DOES 1 through 50 Inclusive,<br><br>Defendants. | Case No. 1:10-cv-01010-LJO-SKO<br><br>**CLASS ACTION**<br><br>**STIPULATED AGREEMENT AND PROTECTIVE ORDER OF CONFIDENTIALITY** |

The parties having STIPULATED and AGREED hereto, and for good cause, the Court enters this Stipulated Agreement and Protective Order of Confidentiality ("Protective Order"). The parties agree and the Court finds that discovery sought by the parties in the above-styled case (the "Action") is likely to involve production of documents and things and other disclosures containing confidential and proprietary information.  Accordingly, it is hereby **AGREED AND ORDERED** that this Order shall apply to all documents, depositions, testimony and other discovery material that are produced or used in this Action ("Discovery Material").  For the purposes of this Stipulation and Order, the term "document" shall be given its broadest possible construction to include all written, recorded, electronic, or graphic matter whatsoever and all copies (identical or non-identical) thereof.

1. **Confidential Designation.**  "Confidential Discovery Material" includes all documents, testimony, or other discovery materials that contain non-public, proprietary company information, financial statements, subscriber information, or other confidential information, including, without limitation, material related to marketing or business plans; trade secrets or other commercially sensitive business or technical information; and personal subscriber information.  Pursuant to Local Rule 141.1, the parties state that the subscriber privacy provisions of the federal Cable Act, 47 U.S.C. § 551, generally provide that a cable operator shall not disclose personally identifiable information concerning any subscriber unless the disclosure is made pursuant to a court order authorizing such disclosure.

2. **Good-Faith Basis for Designation.**  The designation by any party, third-party, or non-party ("Designating Party") of Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party and that there is a good faith basis for such designation.

3. **Acceptable Use of Discovery Material.**  All Discovery Material, whether marked "Confidential" or left unmarked, and information derived therefrom shall be used solely for purposes of this Action and shall not, without prior written authorization from counsel for the Designating Party, be used or disclosed for any other purpose.

4. **Manner of Designation.**  The designation of Discovery Material as "Confidential" for purposes of this Stipulation shall be made in the following manner:

a. in the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, in a manner which will not interfere with the legibility of the page; provided, however, that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and any party, whether or not the party producing the document, may so designate a document promptly after such document has been produced with the effect that such document is thereafter subject to the protections of this Stipulation and Order; and

b. in the case of depositions or other pretrial testimony, (i) by a statement on the record, by counsel, at or before the conclusion of the deposition; or (ii) by written notice, sent by counsel to all parties (or their counsel, if represented) within ten business days after the receipt of the final transcript of the deposition or other pretrial testimony.  All transcripts will be treated as Confidential Discovery Material until the expiration of the ten-business-day period described in this paragraph.  The parties may modify this procedure for any particular deposition through agreement on the record at such deposition or in writing without further order of the Court.

5. **Disclosure of Confidential Discovery Material.**  Except as specifically provided for in this Stipulation and Order or in subsequent Court orders, Discovery Material designated "Confidential" or its contents shall not be revealed, disclosed, or otherwise made known to persons, directly or indirectly, other than the following:

a. in-house counsel to the parties who are actively assisting the parties in the Action;

b. outside counsel to the parties, including partners, members, directors, associates, attorneys, and regular and temporary employees of their firms;

c. subject to paragraph 6 below, service vendors of counsel to the parties (including, but not limited to, outside copying services, outside litigation support services, and stenographers);

    d. subject to paragraph 6 below, experts or consultants to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Action; provided, however, that counsel for the receiving party certifies in writing that, after a reasonable inquiry, such experts or consultants are not currently employed by or advising, or planning on becoming employed by or advising any direct business competitors of the Defendant in this action; and provided further that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated "Confidential;"

    e. subject to paragraph 6 below, witnesses, deponents, and/or their counsel not designated to receive Confidential Information during the course of and in preparation for depositions or testimony in this Action to the extent reasonably necessary for the prosecution or defense of the Action, provided that such witnesses, deponents and/or counsel do not retain copies following their testimony;

    f. the Court, including staff, administrative personnel, Court reporters, and essential personnel retained by the Court in connection with the Action; and

    g. any other person only upon order of the Court or upon stipulation of the Designating Party.

  6. **Prerequisites to Certain Disclosures.**  Those persons identified in Paragraphs 5(c), 5(d), and 5(e) above to whom Confidential Discovery Material is disclosed (who are not otherwise authorized to review the Confidential Discovery Material under another sub-paragraph under Paragraph 5) shall first be advised that it is being made available under this Stipulation and Order and shall be required to confirm his or her understanding and agreement to abide by the terms of this Stipulation and Order by signing a copy of the Acknowledgement of Protective Order and Agreement to Be Bound attached hereto as Exhibit A (hereinafter the "Confidentiality Undertaking"); provided, however, that a non-party witness to whom Confidential Discovery Material is first disclosed at deposition need not be required to sign a copy of the Confidentiality Undertaking in order to be bound by the terms hereof.  The attorney(s) of record making the information and/or Confidential Discovery Material available to any person required to execute a

copy of the Confidentiality Undertaking pursuant to this paragraph shall maintain all original, executed copies of such Confidentiality Undertakings.  Copies of any executed Confidentiality Undertaking shall be disclosed to counsel for the Designating Party upon request by the Designating Party or further Court order.

7. **Limitation on All Dissemination.**  The dissemination of Confidential Discovery Material in accordance with this Stipulation and Order shall be limited as follows:  every person given access to Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms of this Stipulation and Order.  All those to whom Confidential Discovery Material is disclosed pursuant hereto: (i) shall forever protect, safeguard, and otherwise respect the confidential nature of such information; (ii) shall not disclose it to any person other than those identified who are entitled to have it made available to them; (iii) shall not use it for any other purpose except as may be necessary for the good faith conduct of this action (or as otherwise specified in this Stipulation and Order); and (iv) shall maintain all documents and things that are or contain Confidential Discovery Material in a secure place where unauthorized disclosure cannot reasonably be expected to occur; provided, however, that the obligations of this paragraph shall cease as to any Confidential Discovery Material that is publicly disclosed by the Designating Party or otherwise becomes publicly available without violation of this Stipulation.

8. **Derivative Confidential Discovery Material.**  Any summary, compilation, notes, copy, electronic images, or database containing Discovery Materials and/or information designated as "Confidential" shall be subject to the terms of this Stipulation to the same extent as the Discovery Material or information from which such summary, compilation, notes, electronic image, or database is made or derived.

9. **Filing Under Seal.**  Before a party files with the Court any pleadings, transcripts, or other court filings that contain, incorporate, or disclose information that has been designated "Confidential," whether as an exhibit, attachment, or otherwise, such party shall follow the

procedures set forth in the Eastern District of California Local Rules of Civil Procedure for filing under seal.

      10.    **<u>Objections to Continued Restriction.</u>**  Any party to this Action who objects to the continued restriction on public access to any document filed under seal pursuant to this Stipulation and Order shall give written notice of such party's objection to the Designating Party. To the extent that the Designating Party seeks to continue the restriction on public access to documents filed with the Court, the Designating Party shall file an application with the Court within the period mandated by applicable court rules for a judicial determination as to whether good cause exists for continued restricted access to the document.

      11.    **<u>Effect of Stipulation and Order.</u>**  Entering into, agreeing to, and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

      a.    operate as an admission by any party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

      b.    prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

      c.    prejudice in any way the rights of a party to seek additional protection for any confidential information or to petition the Court for a further protective order relating to any confidential information;

      d.    prejudice the right of any party to oppose disclosure of any document or information for any reason;

      e.    prejudice in any way the rights of any party to object on any grounds to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

    f. prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Stipulation and Order;

    g. prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material;

    h. be construed as an agreement by any person to produce or supply any document or as a waiver by any person of his right to object to the production of any document; or

    i. be construed or operate as a waiver of any claim of privilege or immunity with respect to the production of any document.

  12. **Challenging Confidential Designation.**  Any party (the "Objecting Party") may object to the designation of any information or Discovery Material as "Confidential" by serving a written objection on the Designating Party.  The Objecting Party and Designating Party shall attempt to resolve by agreement the question of whether the information or Discovery Material in question has been properly designated.  If the parties are unable to resolve their disagreement after a reasonable, good faith effort to do so, the Objecting Party may move the Court for an order vacating the designation.  While such an application is pending, the information or Discovery Material in question shall be treated as "Confidential" under the terms hereof.  The provisions in this paragraph are not intended to shift the burden of establishing confidentiality, which rests with the Designating Party.

  13. **Modification.**  This Stipulation and Order may be changed only by further written agreement of the parties and must be submitted to the Court for approval.  This Stipulation and Order is without prejudice to the rights of any party to move in good faith for relief from any of its provisions or to seek or agree to additional protection for any particular Discovery Material or information, including but not limited to heightened confidentiality protection.  Each of the parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other parties hereto.

14. **Responsibilities of Attorneys.**  The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulation and Order, to control duplication of, access to, and distribution of copies of Discovery Material designated as "Confidential."

15. **Parties' Own Use of Confidential Discovery Material.**  This Stipulation and Order has no effect upon, and shall not apply to, the parties' use or disclosure of their own Confidential Discovery Material for any purpose.  Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials, or information designated "Confidential" obtained lawfully by such party independently of the discovery proceedings in this Action and not otherwise subject to confidentiality restrictions.

16. **Subpoena to Recipient.**  If a party in possession of Confidential Discovery Material (the "Recipient") receives a subpoena or other compulsory legal process from a non-party to this Stipulation and Order seeking production or other disclosure of such Confidential Discovery Material, the Recipient shall: (i) give prompt written notice to counsel for the Designating Party within three (3) business days after receipt of such subpoena or other legal process identifying the Confidential Discovery Material sought and enclosing a copy of the subpoena or legal process and (ii) refrain from producing any Discovery Material that has been designated "Confidential" in response to such subpoena or other compulsory legal process until the earlier of (a) receipt of written notice from the Designating Party that such party does not object to the production of the designated Discovery Material or (b) resolution of any objection asserted by the Designating Party either by agreement or final order of a court with jurisdiction over the objection of the Designating Party; provided, however, that if the Designating Party does not provide written notice of its objection or assert an objection in the appropriate court before the response to the subpoena or other compulsory legal process is due, then production of the Confidential Discovery Material pursuant to the subpoena or other compulsory legal process shall not constitute a violation of this Stipulation and Order.  Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Stipulation and Order to challenge or appeal any subpoena, request for production, or any order requiring production of Confidential Discovery Material covered by this Stipulation and Order, or to subject itself to any penalties for

non-compliance with any legal process or order, or to seek any relief from this, or any other, Court.  In the event that Confidential Discovery Material is produced to a non-party to this Stipulation and Order in response to a subpoena or other compulsory legal process, such Discovery Material shall continue to be treated in accordance with its Confidential designation by the parties to this Stipulation and Order.

17. **No Waiver of Privilege.**  If information subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege, immunity, or protection is nevertheless inadvertently or unintentionally produced to a party or parties, such production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity, or other privilege, immunity, or protection to which the Designating Party would otherwise be entitled as to the information produced or its subject matter.  If a claim of privilege, immunity, or protection is made with respect to the inadvertently-produced information then in the custody of another party, such receiving party shall promptly return the original and all copies of the information to the Designating Party and shall not use such information for any purpose.  The fact that such information or material was inadvertently produced shall not be asserted as a basis to compel production.  If the recipient has already shared the claimed inadvertently produced information or material prior to a demand for its return, that recipient shall promptly notify the person, persons, entity, or entities with whom such information or material was shared and use best efforts to collect and return all copies.

18. **Additional Parties.**  In the event an additional party or additional parties join or are joined in this Action, such party or parties shall not have access to Confidential Discovery Material until counsel for each newly joined party has executed a Confidentiality Undertaking, evidencing the newly joined party's intent to be bound by this Stipulation and Order, which, at the request of any party, may be filed with the Court.

19. **Production by Non-Party.**  Any Discovery Material produced in this Action by any non-party to the Action shall be subject to and governed by the terms of this Stipulation and Order.

20. **Effective Date.**  The parties agree to be bound by the terms of this Stipulation and Order from the time of execution.  Any violation of the terms of this Stipulation and Order after execution and prior to its entry by the Court shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court.

21. **Use of Confidential Discovery Material in Proceedings.**  In the event that any Confidential Discovery Material is used in any court proceeding in this Action or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use.  Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceeding.

22. **Continued Status of Confidential Discovery Material.**  The provisions of this Stipulation and Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including without limitation any appeals therefrom.

23. **Procedures at Conclusion of Action.**  Within 60 days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving the Action (including all appeals), and upon the written request of the Designating Party, all persons having received Confidential Discovery Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential Discovery Material and certify that fact.  Counsel for the parties shall be entitled to retain court papers (and exhibits thereto), deposition and trial transcripts (and exhibits thereto), and attorney work product that contain or refer to Confidential Discovery Material, provided that such counsel and employees of such counsel shall not disclose such Confidential Discovery Material to any person, except pursuant to court order or agreement with the Designating Party.  For greater clarity, the exemption for attorney work product in the foregoing sentence shall not include the Confidential Discovery Material itself or collections, assemblages, or marked copies thereof, but is limited to attorney work product referencing, quoting, or summarizing such material.

24. **Execution in Parts.**  This Stipulation and Order may be executed by facsimile or conformed signature and may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one agreement.

25. **Severability.**  The invalidity or unenforceability of any one or more phrases, sentences, paragraphs, or sections in this Stipulation and Order shall not affect the validity or enforceability of the remaining portions of this Stipulation and Order or any part thereof.

26. **Entire Agreement.**  This Stipulation and Order sets forth the entire understanding between the counsel for the parties to the Action regarding Confidential Discovery Material at the time of the execution of this Stipulation and Order.

STIPULATED AND AGREED TO this 30th day of November, 2010.

WHITE & CASE LLP

By: */s/ Bryan A. Merryman*
    Bryan A. Merryman

633 W. Fifth Street, Suite 1900
Los Angeles, CA  90071-2007
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email:  bmerryman@whitecase.com

*Attorneys for Defendant*
*Comcast Corporation*

SIGNATURE ON FOLLOWING PAGE

STIPULATED AND AGREED TO this 30th day of November, 2010.

          GLANCY BINKOW & GOLDBERG LLP

          By:    */s/ Marc L. Godino*
                Marc L. Godino, authorizing White & Case LLP to sign on his behalf
          1801 Avenue of the Stars, Suite 311
          Los Angeles, CA 90067
          Telephone: (310) 201-9150
          Facsimile: (310) 201-9160
          Email: info@glancylaw.com

          *Attorneys for Plaintiffs*
          *Alfred Gonzales and Kelly Gonzales*

IT IS SO ORDERED.

Dated:   **December 17, 2010**          **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED GONZALES AND KELLY GONZALES, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiffs,<br><br>   v.<br><br>COMCAST CORPORATION, and DOES 1 through 50 Inclusive,<br><br>         Defendants. | Case No.  1:10-cv-01010-LJO-SKO<br><br>**CLASS ACTION**<br><br>**ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND** |

_____ states as follows:

   1.   That I reside at _____ in the city and county of _____ and state of _____;

   2.   That I have read and understand the Stipulated Agreement and Protective Order of Confidentiality dated _____ ("Protective Order"), entered in the above captioned litigation;

   3.   That I agree to comply with and be bound by the provisions of the Protective Order;

   4.   That I consent to the personal jurisdiction of the Court in the above captioned litigation for purposes of enforcing the Protective Order.

   5.   That counsel who has retained or consulted with me has explained the terms thereof; and

   6.   That I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for purposes of this litigation, any Confidential Discovery Material or any information derived from Confidential Discovery Material, as defined by the Protective Order, except as provided therein.

_____
Signature