# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED GONZALES and KELLY GONZALES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMCAST CORPORATION, and DOES 1 through 10 Inclusive,<br><br>Defendants. | CASE NO.  1:10-cv-01010-LJO-SKO<br><br>**ORDER DENYING PLAINTIFFS' REQUEST TO SEAL DOCUMENTS** |

## I.   INTRODUCTION

Plaintiffs filed this putative class action suit on May 3, 2010, in Fresno County Superior Court. (Doc. 1, ¶ 1.). The action was removed to this Court by Defendant Comcast Corporation ("Comcast") on June 3, 2010. On November 30, 2010, the parties entered into a stipulation for a protective order of confidentiality with regard to discovery documents. (Doc. 28.) This proposed stipulated protective order ("protective order") was signed by the Court on December 17, 2010. (Doc. 29.)

On August 22, 2011, Plaintiffs filed a "motion to certify class and appoint representative plaintiffs and lead counsel." (Doc. 64.) In support of this motion, Plaintiffs filed the declaration of Kevin F. Ruf with attached exhibits containing various documents. On August 29, 2011, Plaintiffs

filed a request to seal certain documents that are attached to the declaration of Mr. Ruf. Plaintiffs explain in their request to seal that certain documents were designated as "Confidential" by Comcast pursuant to the parties' protective order. The protective order provides that, when discovery documents or materials are identified as "Confidential," the party seeking to disclose the confidential material as part of a court filing must seek a sealing order prior to filing the documents. For the reasons stated below, Plaintiffs' request to seal documents is DENIED without prejudice.

## II.   DISCUSSION

**A.   Legal Standard**

Every court has supervisory power over its own records and files, and may provide access to court documents at its discretion. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). A motion to seal documents implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597 (footnote omitted). In the Ninth Circuit, there is a strong presumption in favor of access to court records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (stipulated order without more insufficient basis to seal court records). The right to access is not absolute and can be overridden where there are sufficiently compelling reasons. *Id.*

The party seeking to seal a document related to a non-dispositive motion must meet the "good cause" standard set forth by Federal Rule of Civil Procedure 26(c) that applies to protective orders. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-80 (9th Cir. 2010); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (noting differing treatment of judicial records attached to dispositive motions versus those attached to non-dispositive motions). In the Rule 26(c) context, "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks omitted). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the

public and private interests to decide whether a protective order is necessary." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

**B.     Analysis**

    **1.     Blanket Protective Order Does Not Establish Good Cause to Seal**

Pursuant to the good cause standard of Rule 26(c), Plaintiffs have the burden of showing that specific prejudice or harm will result if its motion to seal is not granted. Plaintiffs essentially assert that good cause exists here because the material they seek to seal was the subject of the December 17, 2010, protective order, which established the necessary good cause to support a sealing order.

"Blanket protective orders" like the protective order at issue in this case, extend "broad protection to all documents produced [in litigation], without a showing of good cause for confidentiality as to any individual documents."[1] *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 790 (1st Cir. 1988). Such orders are, by nature, overinclusive. *See Beckman Indus.*, 966 F.2d at 476.

Here, the protective order was a stipulated blanket protective order in which "the judge signed off on the order without the benefit of making an individualized determination as to specific documents." *Kamakana*, 447 F.3d at 1183. Therefore, Plaintiffs did not have to make a "good cause" showing under Rule 26(c) with regard to any particular document at the time the protective order was issued. *See Beckman Indus.*, 966 F.2d at 476; *see also Foltz*, 331 F.3d at 1133 ("[A] party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document."). Accordingly, Plaintiffs cannot establish good cause to seal the documents merely by pointing to the existence of a stipulated blanket protective order where no good-cause determination was made as to any particular document.

    **2.     Plaintiffs' Burden of Establishing Good Cause to Seal Documents is Not Satisfied**

As set forth above, "[h]istorically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana*, 447 F.3d at

---

[1] Blanket protective orders typically extend broad protection to all documents produced during discovery without a showing of good cause with respect to any individual document.

1178 (quoting *Nixon*, 435 U.S. at 597, n.7). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard. That is, the party must articulate compelling reasons supported by specific factual findings, . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178-79 (citations and quotation marks omitted). The presumption of the public's right of access to court documents may be overcome "only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1465 (9th Cir. 1990) (quoting *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 510 (1985)).

Here, Plaintiffs' request to seal documents does not include any discussion of the "compelling reasons supported by specific factual findings" establishing that the particular documents at issue should be sealed to prevent harm or prejudice. Although the protective order states that, pursuant to 47 U.S.C. § 551, cable operators were not to disclose personally identifiable information concerning any subscriber unless the disclosure is made pursuant to a court order authorizing such disclosure, it appears that the documents Plaintiffs are seeking to seal are redacted to eliminate personally identifiable information pertaining to Comcast's subscribers. (Doc. 29, ¶ 1; *see, e.g.,* Sealing Request pp. 26-28.) Even in light of the protective order, it is unclear why particularized prejudice or harm would be suffered if these documents were made public.

In sum, Plaintiffs have not satisfied their burden of establishing the specific or particularized prejudice or harm that would result if their motion to seal were denied. Because Plaintiffs have failed to show good cause for the Court to grant their motion to seal, the Court DENIES the motion.

### III.  CONCLUSION

For the reasons stated above, Plaintiffs' motion to seal is DENIED without prejudice to a renewed motion setting forth good cause to seal specific documents.

IT IS SO ORDERED.

**Dated:   September 12, 2011**              /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE