# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED GONZALES and KELLY GONZALES, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>COMCAST CORPORATION, and DOES 1 through 10 Inclusive,<br><br>                Defendants.<br>_____ / | CASE NO. 1:10-cv-01010-LJO-SKO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART COMCAST'S REQUEST TO SEAL DOCUMENTS** |

## I. INTRODUCTION

Plaintiffs Alfred Gonzales and Kelly Gonzales ("Plaintiffs") filed this putative class action suit on May 3, 2010, in Fresno County Superior Court. (Doc. 1, ¶ 1.) According to the First Amended Complaint, Comcast Corporation ("Comcast") is a provider of cable television, among other things, for which Plaintiffs contracted for service. In September 2008, Plaintiffs attempted to cancel their Comcast services, however Comcast allegedly continued to withdraw monthly service fees from Plaintiffs' bank account beyond Plaintiffs' date of cancellation, despite that Plaintiffs' account had been closed and their equipment returned for nearly a month. (Doc. 56, ¶¶ 12-13, 16.) Plaintiffs allege that Comcast engages in unfair business practices of refusing to clearly identify the termination date of customer accounts, provides convoluted final bills, and intentionally uses "confusing so-called 'final bills' to increase its profits." (Doc. 56, ¶ 20.)

1   The action was removed to this Court by Comcast on June 3, 2010. On November 30, 2010,
2   the parties entered into a stipulation for a protective order of confidentiality with regard to discovery
3   documents. (Doc. 28.) This proposed stipulated protective order ("protective order") was signed
4   by the Court on December 17, 2010. (Doc. 29.)

5   On August 22, 2011, Plaintiffs filed a Motion to Certify Class and Appoint Representative
6   Plaintiffs and Lead Counsel ("Motion for Class Certification"). (Doc. 64.) On September 26, 2011,
7   Comcast filed an opposition to Plaintiffs' Motion for Class Certification. In addition to its opposition
8   papers, Comcast requested that the Court seal certain documents attached as exhibits to the
9   declaration of Bryan Merryman that was filed in support of Comcast's opposition. The documents
10  that Comcast desires to file under seal were lodged with the Court and served on Plaintiffs. No
11  opposition to Comcast's sealing request was filed.

12  For the reasons set forth below, Comcast's request to seal Exhibits C, D, E, G, H, N, O, P,
13  and Q to the declaration of Bryan A. Merryman filed in support of Comcast's opposition to Plaintiffs'
14  Motion to Certify Class is GRANTED IN PART and DENIED IN PART.

## II.   DISCUSSION

### A.   Legal Standard

17  Every court has supervisory power over its own records and files, and may provide access
18  to court documents at its discretion. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)
19  (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). A motion to seal documents
20  implicates the "general right to inspect and copy public records and documents, including judicial
21  records and documents." *Warner Commc'ns, Inc.*, 435 U.S. at 597 (footnote omitted).

22  In the Ninth Circuit, there is a strong presumption in favor of access to court records. *See*
23  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (stipulated order
24  without more insufficient basis to seal court records). The right to access is not absolute, however,
25  and can be overridden where the interest of the parties in sealing documents outweighs the public
26  interest. *Warner Commc'ns, Inc.*, 435 U.S. at 602. The factors a court should consider include the
27  "public interest in understanding the judicial process and whether disclosure of the material could
28  result in improper use of the material for scandalous or libelous purposes or infringement upon trade

secrets." *Hagestad*, 49 F.3d at 1434 (quoting *EEOC v. Erection Co., Inc.*, 900 F.3d 168, 170 (9th Cir. 1990)). The decision whether to seal a particular document is "left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Warner Commc'ns, Inc.,* 435 U.S. at 599.

**B.   Comcast's Request to Seal Exhibits C, D, E, G, and H to the Declaration of Bryan Merryman**

On September 26, 2011, Comcast filed a request that the Court seal certain exhibits attached to the declaration of Bryan A. Merryman filed in support of Comcast's opposition to Plaintiffs' Motion for Class Certification. (*See* Doc. 75-3.) Exhibits C, D, E, G, and H, which Comcast lodged with the Court and asserts should be sealed, include copies of the Comcast billing invoices sent to Plaintiffs as subscribers of Comcast's services. Comcast asserts that 47 U.S.C. § 551 prohibits Comcast from publicly disclosing personally identifiable information about a subscriber, and thus it seeks to seal Plaintiffs' billing invoices contained in Exhibits C, D, E, G, and H.

Pursuant to 47 U.S.C. § 551, a cable operator "shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator." 47 U.S.C. § 551(c)(1).

**1.   Exhibits E, G, and H**

With respect to Exhibits E, G, and H, Plaintiffs have already filed these documents and made them publicly available on the docket, by filing the documents as Exhibits 4, 6, and 7 to the Declaration of Kevin F. Ruf. (Doc. 66-4, 66-6, 66-7.) Plaintiffs submitted a sealing request to the Court, requesting that these documents be sealed because Comcast had marked them "confidential" pursuant to the parties' stipulated protective order that was signed by the Court. Pursuant to the protective order, a party seeking to file confidential documents must first seek an order permitting the documents to be filed under seal. Other than the protective order, Plaintiffs articulated no basis to seal the documents beyond the fact that Comcast had marked the billing statements "confidential" when it produced them in discovery. (*See* Doc. 71.) Comcast's request to seal documents to protect Plaintiffs' privacy when the documents have already been made publicly available by Plaintiffs

3

themselves is moot. Although Comcast requests that Exhibits E, G, and H be sealed out of "an abundance of caution," there is little point in sealing documents to protect the privacy of cable subscribers who have already made the documents publicly available. (*See, e.g.,* Doc 66-4, 66-6, and 66-7.) The request to seal Exhibits E, G, and H is DENIED.

### 2.  **Exhibits C and D**

Exhibits C and D are also Comcast invoices billed to Plaintiffs. These documents provide information that is redundant to those provided in Exhibits E, G, and H (which Plaintiffs filed publicly) in all respects except as to the ultimate amount that is billed.

As discussed above, Plaintiffs have already made documents containing their subscriber information publicly available by attaching them to the declaration of Kevin F. Ruf that was filed in support of their Motion for Class Certification. (Doc. 66.) Exhibits C and D do not contain any additional individually identifiable information that Plaintiffs have not already disclosed publicly. Thus, there is no basis to seal these documents as the subscriber information contained in the documents is already part of the public domain by the express action of Plaintiffs. Comcast's request to seal Exhibits C and D to the declaration of Bryan A. Merryman is DENIED.

**B.    Exhibits N, O, P, and Q to the Declaration of Bryan Merryman**

### 1.  **Exhibits N, P, and Q**

Comcast contends that Exhibits N, P, and Q contain Comcast's voluntary disconnect, porting, and refund policies which encapsulate its business strategies developed from research, market studies, and experience in the industry. Comcast asserts that public disclosure of these materials will jeopardize Comcast's ability to compete in the marketplace. Access to court documents has been denied where the documents contain business information that might harm a litigant's competitive standing. *See Warner Commcn's, Inc.*, 435 U.S. at 598 (citing *Schmedding v. May*, 85 Mich. 1, 5-6 (1891) and *Flexmir, Inc. v. Herman*, 40 A.2d 799, 800 (N.J. Ch. 1945)). Here, the issue is whether Comcast's interest in protecting its trade secrets outweighs the presumption of public access to judicial records and any promotion of public understanding of the judicial process that access to the documents would provide. *Warner Commcn's, Inc.*, 435 U.S. at 602-03.

Although Comcast does not specify how public disclosure of these documents will jeopardize Comcast's ability to compete, the documents do contain internal details about various Comcast procedures. The information is obviously proprietary, and, as Comcast points out, disclosure of the information is unlikely to promote the public's understanding of the judicial process. Therefore, the Court finds that the presumption of public access to these records is outweighed by the potential for harm to Comcast should such proprietary information be publicly disclosed. Comcast's request to seal these documents is GRANTED.

    **2.    Exhibit O**

Exhibit O contains data related to Comcast's escalation policies. Comcast asserts that this exhibit contains proprietary information related to customer inquires about Comcast services as well as complaints and issues that Comcast has addressed in dealing with its customers. Comcast maintains that, if this information is publicly disclosed, it will allow Comcast's competitors to exploit these complaints, which might have serious business consequences for Comcast. Comcast also contends that there is no way to meaningfully redact the information.

After reviewing the information Comcast seeks to seal with respect to Exhibit O, the Court finds that such information is highly proprietary and the presumption of public access to the document is outweighed by the risk of harm to Comcast if the information is publicly disclosed. Therefore, Comcast's request to seal Exhibit O is GRANTED.

**C.    Documents Filed by Plaintiffs As Exhibits to the Declaration of Kevin F. Ruf**

Exhibits N and O to the declaration of Bryan A. Merryman contain documents that the Court finds should be sealed. Copies of documents contained in these exhibits were also included by Plaintiffs as exhibits to the declaration of Kevin F. Ruf filed in support of Plaintiffs' motion for class certification and should be sealed pursuant to Comcast's request. Thus, the following exhibits to the declaration of Kevin F. Ruf shall also be sealed: Exhibit 13, 15, and 21. (Doc. 66-13; 66-15; 66-21.)

///
///
///
///

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Comcast's request to seal Exhibits C, D, E, G, and H is DENIED; and

2. Comcast's request to seal Exhibits N, O, P, and Q is GRANTED.

IT IS SO ORDERED.

**Dated:**   **October 7, 2011**                    /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE